**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6826**

ALEXANDER MICHAEL CARLTON,

Petitioner - Appellant,

versus

LISA HOLLINGSWORTH, Warden; DEPARTMENT OF
JUSTICE, and its employees/officers,

Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:07-cv-01301-RDB)

Submitted: August 29, 2007      Decided: September 13, 2007

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Alexander Michael Carlton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Michael Carlton appeals a district court order denying his motion for injunctive relief, staying a final determination of the case pending this court's decision in Trolinger v. Henry, No. 07-6269, and administratively closing the case. We dismiss in part and affirm in part.

In a habeas corpus petition, Carlton challenged the application of the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a (2000) and the subsequent amendment by The Justice For All Act, which extended the reach of the Act to any person convicted of a felony.

The district court denied Carlton's motion for injuntive relief in which he sought an order prohibiting the Bureau of Prisons from taking a blood sample in order to have his DNA. We find the court did not abuse its discretion and affirm.

Insofar as Carlton appeals that part of the district court order staying a final determination until this court issues an opinion in Trolinger v. Henry, No. 07-6269, 2007 WL 2122069 (4th Cir. July 25, 2007) (unpublished), we are without jurisdiction. The federal courts of appeals are courts of limited jurisdiction, Baird v. Palmer, 114 F.3d 39, 42 (4th Cir. 1997), and may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000). Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan

Corp., 337 U.S. 541, 545 (1949).  A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945).  We are obligated to review our jurisdiction sua sponte in all cases.  Maksymchuk v. Frank, 987 F.2d 1072, 1075 (4th Cir. 1993).  Because the district court order contemplated further action after this court acted in another appeal, the order was not a final order, nor was the decision to stay a final determination an appealable interlocutory or collateral order.  Accordingly, we dismiss the appeal from that part of the order.

We affirm the denial of injunctive relief and dismiss that part of the appeal from the district court order staying a final determination and administratively closing the case.  We also deny Carlton's motion for a reconsideration of the court's order denying his motion for a stay.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART